

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. WR-83,953-01

### EX PARTE MIGUEL GUTIERREZ, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. W-69569-01-C IN THE 251ST DISTRICT COURT
### FROM POTTER COUNTY

*Per curiam*.

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to the state jail felony offense of possession of a controlled substance, enhanced to second degree punishment range using prior sequential felony convictions, and was sentenced to nine years' imprisonment. He did not appeal his conviction.

Applicant contends that his guilty plea was not knowingly and voluntarily entered, because he pleaded guilty pursuant to erroneous advice from trial counsel. Applicant alleges that trial

counsel advised him that if he did not enter into the plea agreement proffered by the State, he would be subject to punishment as a habitual felony offender, with a possible sentence of 25 to 99 years' or life imprisonment if he were convicted at trial. Because this offense as charged in the information was a non-aggravated state jail felony, the punishment could not be enhanced beyond the range of a second degree felony.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claim of ineffective assistance of counsel. Specifically, counsel shall state whether he ever advised Applicant that he could be punished as a habitual felony offender if he went to trial on these charges. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall make findings of fact and conclusions of law as to whether Applicant's guilty plea was knowingly and voluntarily entered. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

3

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed:  November 4, 2015
Do not publish